**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIM DAVIS; et al.,

    Plaintiffs-Appellants,

v.

SALESFORCE.COM, INC.; et al.,

    Defendants-Appellees.

No. 21-15867

D.C. No. 3:20-cv-01753-MMC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted March 7, 2022
Phoenix, Arizona

Before: HAWKINS, PAEZ, and WATFORD, Circuit Judges.

    Plaintiffs Tim Davis, Gregor Miguel, and Amanda Bredlow appeal from the district court's order granting defendants' motion to dismiss their action under the Employee Retirement Income Security Act of 1974 (ERISA) for failure to state a claim.  We reverse and remand for further proceedings.

    **1.**  Plaintiffs adequately alleged a claim for breach of the duty of prudence

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

under the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  ERISA's duty of prudence is "derived from the common law of trusts," such that a fiduciary "has a continuing duty of some kind to monitor investments and remove imprudent ones."  *Tibble v. Edison Int'l*, 575 U.S. 523, 528–30 (2015) (citation omitted); *see* 29 U.S.C. § 1104(a)(1)(B).  Accepting the allegations in the first amended complaint as true, as we must, plaintiffs have stated a plausible claim that defendants imprudently failed to select lower-cost share classes or collective investment trusts with substantially identical underlying assets.

Plaintiffs identify two lower-cost JPMorgan share classes (R5 and R6) that they allege were available substitutes for nine JPMorgan SmartRetirement mutual funds offered by the plan during the class period.  As to those nine JPMorgan funds, plaintiffs allege that "the more expensive share classes chosen by Defendants were the same in every respect other than price [as] their less expensive counterparts."  Accepted as true, plaintiffs' allegations plausibly suggest that defendants acted imprudently by failing to switch to the lower-cost alternatives.  As we have held, "a trustee cannot ignore the power the trust wields to obtain favorable investment products, particularly when those products are substantially identical—other than their lower cost—to products the trustee has already selected."  *Tibble v. Edison Int'l*, 843 F.3d 1187, 1198 (9th Cir. 2016) (en

banc).

Defendants respond by arguing, as a factual matter, that the plan held R5 class shares of the nine JPMorgan SmartRetirement funds all along. According to defendants, documents of which the district court took judicial notice show that the Institutional class shares held by the plan were simply renamed R5 in 2017. But even if defendants are correct on this point—a matter we do not think can be resolved based on the judicially noticed documents alone, which themselves contain ambiguities—plaintiffs also allege that defendants acted imprudently by failing to switch to the R6 class earlier, and the judicially noticed documents support plaintiffs' allegation that the R6 class had a lower expense ratio than the R5 class.

Defendants further argue that the R6 class did not include revenue sharing, which explains why that class of shares had a lower expense ratio than the R5 class, and thus provides an obvious alternative explanation for why defendants offered beneficiaries the R5 class rather than the R6 class. That explanation is plausible, and defendants may well be able to substantiate it at the summary judgment stage. But the judicially noticed documents on which defendants rely to support their argument are not sufficient at the pleading stage to render plaintiffs' facially plausible allegations inadequate. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are

plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Plaintiffs have also adequately alleged, in the alternative, that defendants imprudently failed to investigate and timely switch to available collective investment trusts, which plaintiffs allege had "the same underlying investments and asset allocations as their mutual fund counterparts" but had better annual returns and a lower net expense ratio. Plaintiffs allege that (1) defendants replaced the nine JPMorgan SmartRetirement mutual funds with lower-cost collective investment trusts in 2019, (2) defendants could have done so as early as 2010, (3) the plan's written investment policy expressly permitted investment in collective investment trusts, and (4) defendants' decision "to switch the Plan's JPMorgan target date funds in 2019 to JPMorgan target date [collective investment trusts] was an unjustified delay that cost Plan participants millions of dollars." Based on these allegations, which again we must accept as true, defendants' retention of allegedly higher-cost target date funds over collective investment trusts cannot simply be deemed reasonable as a matter of law without further factual development. *See Tibble*, 575 U.S. at 530. Whether the different regulatory regimes governing mutual funds and collective investment trusts justified defendants' delay in making the switch earlier is itself a factual issue that

cannot be resolved at the pleading stage.[1]

**2.** The parties agree that plaintiffs' duty-to-monitor claim is derivative of their duty-of-prudence claim. Thus, when the district court found that plaintiffs had not adequately alleged a breach of the duty of prudence, the court dismissed their duty-to-monitor claim without further analysis. Because we conclude that plaintiffs have adequately alleged a claim for breach of the duty of prudence, we also reverse the district court's dismissal of their duty-to-monitor claim.

**REVERSED and REMANDED.**

Plaintiffs' motion to file a supplemental brief (Dkt. 48) is DENIED.

---

[1] We agree with the district court that plaintiffs have not plausibly alleged that defendants breached the duty of prudence by failing to adequately consider passively managed mutual fund alternatives to the actively managed funds offered by the plan.