IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGOR MIGUEL, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SALESFORCE.COM, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-01753-MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

　　　　Before the Court is plaintiffs' Motion for Class Certification, filed October 14, 2022. Defendants have filed opposition, to which plaintiffs have replied. The matter came on regularly for hearing on February 17, 2023. Mark Gyandoh of Capozzi Adler, P.C. appeared on behalf of plaintiff. Eric Serron of Steptoe & Johnson, LLP appeared on behalf of defendants. During the hearing, the Court indicated its likely ruling was to grant the motion, and set forth, on the record, its reasoning in support thereof. In light of arguments made on behalf of defendants, however, the Court also indicated it would go back and review some of the cases on which it relied in arriving at its likely ruling. As set forth below, the Court's ultimate conclusion remains unchanged.

　　　　While the Court agrees with defendants that, as compared with the instant case, Boley v. Universal Health Services, Inc., 36 F.4th 124 (3rd Cir. 2022) concerned a narrower fact situation, see id. at 136 (addressing claims challenging single "suite of . . . target date funds"), the Court finds the allegations in Spano v. The Boeing Company, 633 F.3d 574 (7th Cir. 2011) are, for two reasons, readily distinguishable from those here, in that the class in Spano "covered all past and future participants" in the plan "even though the allegations only concerned four specific funds[,]" and the challenges to those funds

were "murky[,]" see Boley, 36 F.4th at 135 (internal quotation and citation omitted) (describing claims in Spano).

Although Boley did acknowledge a "potential for intra-class conflict" may exist in ERISA cases "depend[ing] on the type of claim and contours of the class," see id., the Court finds neither the nature of the claims alleged nor the contours of the class proposed here precludes certification, and, in that regard, finds persuasive the reasoning set forth in Shanehchian v. Macy's, Inc., 2011 WL 883659 (S.D. Ohio Mar. 10, 2011) and Sims v. BB & T Corp., 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017).  See Shanehchian, 2011 WL 883659, at *7 (rejecting defendants' argument that "individualized optimal breach dates create intra-class conflict" sufficient to defeat certification; noting acceptance of such argument "would effectively eliminate all ERISA fiduciary breach of duty class actions" and that "the choice of a breach date will ultimately be up to the [c]ourt"); see also Sims, 2017 WL 3730552, at *4 (noting, as to distribution of any future award, if "conflicts develop between and among class members, the Court can take appropriate steps at that time to protect class members").[1]

Accordingly, plaintiffs' motion for class certification is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: February 23, 2023

MAXINE M. CHESNEY
United States District Judge

---

[1] Additionally, with respect to the opinion proffered by defendants' expert, Dr. Lee Heavner, the Court notes the comparisons on which the opinion is based arguably differ from the comparisons made in the operative pleading, and, in any event, the manner in which any potential distribution ultimately is accomplished may be based on factors other than a profit/loss calculation as to each individual class member's account.