ROSMAN & GERMAIN APC
Daniel L. Germain (Bar No. 143334)
Rosman & Germain APC
5959 Topanga Canyon Boulevard. Ste. 360
Woodland Hills, CA  91367-7503
Telephone: (818) 788-0877
Facsimile: (818) 788-0885
E-Mail: Germain@Lalawyer.com

*Counsel for Plaintiffs and the Settlement Class*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL et al., | Case No. 3:20-cv-01753-MMC |
| Plaintiffs, | |
| v. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| SALESFORCE.COM, INC., et al., | |
| Defendants. | |

Date:          April 4, 2025
                 Final Fairness Hearing
Time:          9:00 a.m.
Location:     San Francisco
                 Courthouse
                 Courtroom 7
                 19th Floor
                 450 Gold Gate Avenue
                 San Francisco, CA 95113
Judge:        Hon. Maxine Chesney

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that with the Fairness Hearing scheduled for April 4, 2025, at 9:00 a.m., Plaintiffs, Gregor Miguel, Amanda Bredlow, Chris Simonelli, David Villarreal, Joseph Douillard, Marc Runyard, Mark Tracey and Robert Ramirez,  (collectively, "Plaintiffs"), on behalf of the proposed Settlement Class and the Salesforce 401(k) Plan (the "Plan"), hereby respectfully move this Court, pursuant to Federal Rules of Civil Procedure 23, for an Order:

1.      Awarding attorneys' fees to Class Counsel in the amount of $449,955.00, which represents approximately 33-1/3% of the Settlement Amount;

2.      Directing reimbursement of expenses to Class Counsel in the amount not to exceed $150,000.00 of expenses incurred in the prosecution of the action;

3.      Awarding a case contribution award of $10,000 each to Plaintiffs, Gregor Miguel and Amanda Bredlow;

4.      Awarding a case contribution award of $7,500 each to Plaintiffs, Chris Simonelli, David Villareal, Joseph Douillard, Marc Runyard, Mark Tracey, and Robert Ramirez, and;

5.      For such other relief as the Court may deem just and proper.

A Proposed Order is submitted hereto. The grounds for this Motion for an Award of Attorneys Fees and Reimbursement of Expenses and Case Contribution Awards are set forth in the below Memorandum of Points and Authorities in Support thereof, the attached Declaration of Mark K. Gyandoh in Support and supporting papers, as well as the Declarations of Plaintiffs, Gregor Miguel, Amanda Bredlow, Chris Simonelli, David Villareal, Joseph Douillard, Marc Runyard, Mark Tracey, and Robert Ramirez, the record in this litigation, and any other matters the Court may

consider. Plaintiffs respectfully submit that the requested fees and costs were reasonable and necessary for the prosecution of this case and should be approved.

Dated:  November 25, 2024                     Respectfully submitted,

                                              **CAPOZZI ADLER, P.C.**

                                              */S/ Mark K. Gyandoh*
                                              Mark K. Gyandoh
                                              (Admitted *Pro Hac Vice*)
                                              James A. Wells
                                              (Admitted *Pro Hac Vice*)
                                              312 Old Lancaster Road
                                              Merion Station, PA 19066
                                              Tel: (610) 890-0200
                                              Email: markg@capozziadler.com
                                                        jayw@capozziadler.com

                                              **ROSMAN & GERMAIN LLP**

                                              Daniel L. Germain (State Bar No. 143334)
                                              Rosman & Germain APC
                                              5959 Topanga Canyon Boulevard, Ste. 360
                                              Woodland Hills, CA  91367-7503
                                              Telephone: (818) 788-0877
                                              Facsimile: (818) 788-0885
                                              Email: germain@lalawyer.com

                                              **MUHIC LAW LLC**
                                              Peter A. Muhic
                                              (Admitted *Pro Hac Vice*)
                                              923 Haddonfield Road,
                                              Suite 300 Cherry Hill, NJ  08002
                                              Phone:  (856) 324-8252
                                              Fax:     (717) 233-4103
                                              Email:  peter@muhiclaw.com

                                              *Counsel for Plaintiffs and the Settlement Class*

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................1

II.     BACKGROUND ................................................................................................1

III.    STANDARD OF REVIEW .................................................................................4

IV.     ARGUMENT ......................................................................................................5

        A.      Plaintiffs' Request for Attorneys' Fees Is Reasonable ...........................5

                1.      The Settlement is an Excellent Result .........................................5

                2.      Continued Litigation Posed a Substantial Risk............................6

                3.      Plaintiffs Skillfully Litigated the Case to the Eve of Trial ..........7

                4.      Plaintiffs' Counsel Worked on a contingent Fee Basis and Advanced
                        All Costs........................................................................................9

                5.      The Fees and Costs Sought are Proportional to those in Similar Cases ....11

                6.      Lodestar Cross-Check ..................................................................12

        B.      The Court Should Reimburse Plaintiffs' Counsel for Expenses Incurred ............15

        C.      The Requested Case Contribution Awards for the Named Plaintiffs Are
                Reasonable ............................................................................................16

V.      CONCLUSION...................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Baird v. BlackRock Institutional Tr. Co., N.A.*,
No. 17-CV-01892, 2021 WL 5113030 (N.D. Cal. Nov. 3, 2021) .........................*Passim*

*Balderas v. Massage Envy Franchising, LLC*,
No. 12–cv–06327 NC, 2014 WL 3610945 (N.D. Cal. July 21, 2014) ..........................6

*Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*,
504 F. Supp. 3d 265 (S.D.N.Y. 2020)...............................................................2

*Bell v. Pension Comm. of ATH Holding Co., LLC*,
No. 15-cv-02062, 2019 WL 4193376 (S.D. Ind. Sept. 4, 2019)...............................2

*Bellinghausen v. Tractor Supply Co.*,
306 F.R.D. 245 (N.D. Cal. 2015)...................................................................17

*In re Bluetooth Headset Prod. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ...................................................................4, 13

*Carlin v. DairyAmerica, Inc.*,
380 F. Supp. 3d 998 (E.D. Cal. 2019)..............................................................16

*Cates v. Trustees of Columbia Univ.*,
No. 16-cv-06524, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021)...............................2

*Chalmers v. City of Los Angeles*,
796 F.2d 1205, 1210–11 (9th Cir. 1986),
amended by 808 F.2d 1373 (9th Cir. 1987) ......................................................13

*Cheng Jiangchen v. Rentech, Inc.*,
No. 17-1490-GW, 2019 WL 5173771 (C.D. Cal. Oct. 10, 2019)...............................6

*Chun-Hoon v. McKee Foods Corp.*,
716 F. Supp. 2d 848 (N.D. Cal. 2010) .............................................................15

*City of Burlington v. Dague*,
505 U.S. 557 (1992).................................................................................13

*Clark v. Duke Univ.*,
No. 16-cv-1044, 2019 WL 2579201 (M.D.N.C. June 24, 2019)...............................2

*Cunningham v. Cnty. of Los Angeles*,
879 F.2d 481 (9th Cir. 1988) ........................................................................................13

*Deaver v. Compass Bank*,
No. 13-CV-00222-JSC, 2015 WL 8526982 (N.D. Cal. Dec. 11, 2015) ..........................6

*Donald v. Teachers Insurance and Annuity Insurance Ass'n of America*,
No. 15-cv-08040 (S.D.N.Y.) .............................................................................................2

*Eslava v. Gulf Telephone Co., Inc.*,
No. 04-cv-0297, 2007 WL 4105977 (S.D. Ala. Nov. 16, 2007) ....................................12

*Feinberg v. T. Rowe Price Grp., Inc.*,
610 F. Supp. 3d 758 (D. Md. 2022) ...............................................................................12

*Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
No. 15-cv-22782, 2017 WL 7798110 (S.D. Fla. Dec. 18, 2017) ..............................2, 12

*Foster v. Adams & Assocs., Inc.*,
No. 18-CV-02723, 2022 WL 425559 (N.D. Cal. Feb. 11, 2022) ........................10, 11, 14

*Gordan v. Massachusetts Mut. Life Ins. Co.*,
No. 13-cv-30184, 2016 WL 11272044 (D. Mass. Nov. 3, 2016) ...................................12

*Griffin v. Flagstar Bancorp, Inc.*,
No. 10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ............................2, 11

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994) ............................................................................................15

*Hay v. Gucci America, Inc.*,
No. 17-cv-7148 (D.N.J.) .................................................................................................2

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)......................................................................................................13

*Hurtado v. Rainbow Disposal Co., Inc.*,
2021 WL 2327858 (C.D. Cal. May. 21, 2021) ...............................................................10

*Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*,
No. 16-CV-03698-NC, 2018 WL 2183253 (N.D. Cal. May 11, 2018) ...................17, 18

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
3:20-CV-01753-MMC

-iii-

*Karpik v. Huntington Bancshares Inc.*,
No. 17-cv-1153, 2019 WL 7482134 (S.D. Ohio Feb. 18, 2021) ..........................................2, 12

*Kelly v. Johns Hopkins Univ.*,
No. 16-cv-2835, 2020 WL 434473 (D. Md. Jan. 28, 2020).....................................................2, 12

*Kerr v. Screen Extras Guild, Inc.*,
526 F.2d 67 (9th Cir. 1975) ............................................................................................................13

*Kruger v. Novant Health, Inc.*,
No. 14-cv-208, 2016 WL 6769066 (M.D.N.C. Sept. 29, 2016) .....................................................12

*In re LinkedIn ERISA Litig.*,
No. 20-CV-05704, 2023 WL 8631678 (N.D. Cal. Dec. 13, 2023).........................................14, 18

*Ma v. Covidien Holding, Inc.*,
No. 12– 02161, 2014 WL 360196 (C.D. Cal. Jan. 31, 2014) .........................................................6

*Marshall v. Northrop Grumman Corp.*,
No. 16-cv-6794, 2020 WL 5668935 (C.D. Cal. Sep. 18, 2020) ...........................................*Passim*

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) ...........................................................................................................5

*In re Mercury Interactive Corp.*,
618 F.3d 988 (9th Cir.2010) ............................................................................................................4

*Miguel, et. al. v. Salesforce.com, Inc. et al.*
3:20-cv-01753 (N.D. CA 2020) .............................................................................................1, 3, 4

*Moreno v. Capital Bldg. Maint. & Cleaning Servs.*,
No. 19-cv-07087-DMR, 2021 WL 4133860 (N.D. Cal. Sep. 10, 2021).......................................14

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008) ......................................................................................................13

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 10366 (N.D. Cal. 2008) ............................................................................*Passim*

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) ........................................................................................................17

*Pinnell v. Teva Pharmaceuticals USA, Inc.*,
No. 19-cv-05738, 2021 WL 5609864 (E.D. Pa. June 11, 2021)..................................................2

*Pledger v. Reliance Trust Co.*,
No. 15-cv-4444, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021) ................................................2, 12

*Ramos v. Banner Health*,
No. 15-cv-2556, 2020 WL 6585849 (D. Colo. Nov. 10, 2020)................................................2, 12

*Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*,
2017 WL 6623031 (N.D. Cal. Dec. 28, 2017) ................................................................................6

*Rodman v, Safeway Inc.*,
2018 WL 4030558 (N.D. Cal. Aug. 23, 2018) ..............................................................................13

*Rodriguez v. West Publishing Corp.*,
563 F.3d 948 (9th Cir. 2009) ........................................................................................................17

*Schapker v. Waddell & Reed Fin., Inc.*,
No. 17-cv-2365 (D. Kan. Apr. 8, 2019) ..........................................................................................2

*Schwartz v. Cook*,
No. 15-CV-03347-BLF, 2017 WL 2834115 (N.D. Cal. June 30, 2017) .......................................11

*Shaw v. Interthinx, Inc.*,
No. 13-CV-01229-REB-NYW, 2015 WL 1867861 (D. Colo. Apr. 22, 2015)...........................10

*Simonelli, et. al. v. Salesforce.com, Inc. et. al.*,
24-cv-00813(N.D. CA 2024) ......................................................................................................1, 4

*Spano v. Boeing Co.*,
No. 06-cv-0743, 2016 WL 3791123 (S.D. Ill. Mar. 31, 2016)................................................2, 12

*Sprague v. Ticonic*,
307 U.S. 161 (1939)......................................................................................................................15

*State of Fla. v. Dunne*,
915 F.2d 542 (9th Cir. 1990) ..........................................................................................................5

*Stetson v. Grissom*,
821 F.3d 1157 (9th Cir. 2016) ......................................................................................................13

*Stovall-Gusman v. W.W. Granger, Inc.,*
No. 13-CV-02540-HSG, 2015 WL 3776765 (N.D. Cal. June 17, 2015)........................................6

*Thomas v. MagnaChip Semiconductor Corp.,*
2018 WL 2234598 (N.D. Cal. May 15, 2018) ...............................................................16

*Toumajian v. Frailey,*
135 F.3d 648 (9th Cir. 1998) ...................................................................................7

*Troudt et al. v. Oracle Corp., et al.,*
No. 1:16-cv-00175 (D. Colo, July 10, 2020) .................................................................2

*Tussey v. ABB, Inc.,*
No. 06-cv-04305, 2019 WL 3859763 (W.D. Mo. Aug. 16, 2019) ...................................2

*Urakhchin v. Allianz Asset Mgt. of Am., L.P.,*
2018 WL 3000490 (C.D. Cal. Feb. 6, 2018)................................................7, 9, 18

*Vincent v. Hughes Air W., Inc.,*
557 F.2d 759 (9th Cir. 1977) ...................................................................................4

*Vizcaino v. Microsoft Corp.,*
290 F.3d 1043 (9th Cir. 2002) .................................................................................6

*Waldbuesser v. Northrop Grumman Corp.,*
No. CV 06-6213, 2017 WL 9614818 (C.D. Cal. Oct. 24, 2017) ...................................18

*Wren v. RGIS Inventory Specialists,*
No. 06-cv-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ...........................17

**STATUTES**

FED. R. CIV. P. 23..............................................................................................................4

FED. R. CIV. P. 23(e) ........................................................................................................4

FED. R. CIV. P. 23(h)..................................................................................................4, 15

FED. R. CIV. P. 54(d)......................................................................................................15

**Other Sources**

Alba Conte, 1 *Attorney Fee Awards* § 2:19 (3d ed.) ...................................................... 15

Employee Retirement Income Security Act of 1974 ............................................................*Passim*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
3:20-CV-01753-MMC

-vii-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs, Gregor Miguel, Amanda Bredlow, Chris Simonelli, David Villarreal, Joseph Douillard, Marc Runyard, Mark Tracey and Robert Ramirez, (together, "Plaintiffs'), by and through their undersigned counsel on behalf of the Salesforce 401(k) Plan (the "Plan") respectfully submit this Notice of Motion and Memorandum in Support for an Award of Attorneys' Fees and Reimbursement of Expenses and Case Contribution Awards.

On August 23, 2024, the Court preliminarily approved the Settlement in this Action (ECF No. 189), which provides for the creation of a $1,350,000 Settlement Fund. The Court's Preliminary Approval Order also conditionally certified a Settlement Class and appointed the Named Plaintiffs as class representatives and Capozzi Adler, P.C ("Capozzi Adler") as Class Counsel for the Settlement Class. In preliminarily approving the Settlement, the Court consolidated the two actions pending against Defendants: *Miguel, et. al. v. Salesforce.com, Inc. et al.*, 3:20-cv-01753 and *Simonelli, et. al. v. Salesforce.com, Inc. et al.*, 24-cv-00813.

The Settlement represents roughly 13.5% of the roughly $10 million potential best-case damages for both actions as calculated by Plaintiffs. *See* Declaration of Mark K. Gyandoh in support of the instant motion ("Gyandoh Decl."), ¶¶ 62, 72. This Settlement was achieved after over four years of litigation and vigorous arms-length negotiations between Plaintiffs' and Defense counsel, both experienced in ERISA counsel, up to the eve of trial.

Plaintiffs request an award of attorneys' fees of thirty-three and one third percent (33.3%) of the Settlement Amount, which equates to $449,955.00. Courts around the country routinely award

counsel fees of 33.3% in analogous class actions brought under ERISA.[1] Resolving the Action at this juncture allows the Parties to avoid continued and costly litigation (including potential appeals) that would deplete resources which could otherwise be used for the resolution of the Action, and which could result in a recovery less than that provided by the Settlement, or no recovery at all. In addition, Plaintiffs also request reimbursement of out-of-pocket costs and expenses incurred in connection with the prosecution of this Action in the amount of $150,000, which is less than the amount of expenses actually incurred. Class Counsel also asks the Court to approve the payment of Case Contribution Awards the amount $10,000 to Plaintiffs Gregor Miguel and Amanda Bredlow, and in the amount of $7,500 to Plaintiffs Chris Simonelli, David Villarreal, Joseph Douillard, Marc Runyard, Mark Tracey and Robert Ramirez, in recognition of their contributions to this Action.

## II.    BACKGROUND[2]

---

[1] *See, e.g.*, *Karpik v. Huntington Bancshares Inc.,* No. 17-cv-1153, 2019 WL 7482134, at *7 (S.D. Ohio Feb. 18, 2021); *Griffin v. Flagstar Bancorp, Inc.,* No. 10-cv-10610, 2013 WL 6511860, at *8 (E.D. Mich. Dec. 12, 2013); *Pledger v. Reliance Trust Co.*, No. 15-cv-4444, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021); *Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 15-cv-22782, 2017 WL 7798110, at *4 (S.D. Fla. Dec. 18, 2017); *Kelly v. Johns Hopkins Univ.*, No. 16-cv-2835, 2020 WL 434473, at *3 (D. Md. Jan. 28, 2020); *Marshall v. Northrop Grumman Corp.*, No. 16-cv-6794, 2020 WL 5668935, at *3 (C.D. Cal. Sep. 18, 2020); *Tussey v. ABB, Inc.*, No. 06-cv-04305, 2019 WL 3859763, at *2 (W.D. Mo. Aug. 16, 2019); *Bell v. Pension Comm. of ATH Holding Co., LLC*, No. 15-cv-02062, 2019 WL 4193376 (S.D. Ind. Sept. 4, 2019); *Clark v. Duke Univ.*, No. 16-cv-1044, 2019 WL 2579201 (M.D.N.C. June 24, 2019); *Cates v. Trustees of Columbia Univ.*, No. 16-cv-06524, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021); *Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*, 504 F. Supp. 3d 265, 270 (S.D.N.Y. 2020) (listing ERISA cases awarding one-third of settlement fund); *Ramos v. Banner Health*, No. 15-cv-2556, 2020 WL 6585849, at *4-5 (D. Colo. Nov. 10, 2020); *Schapker v. Waddell & Reed Fin., Inc.*, No. 17-cv-2365 (Final Approval Order and Judgment) (D. Kan. Apr. 8, 2019); *Pinnell v. Teva Pharmaceuticals USA, Inc.*, No. 19-cv-05738, 2021 WL 5609864, at *2 (E.D. Pa. June 11, 2021); *Hay v. Gucci America, Inc.*, No. 17-cv-7148 (D.N.J.); *Spano v. Boeing Co.*, No. 06-cv-0743, 2016 WL 3791123, at *4 (S.D. Ill. Mar. 31, 2016); *Troudt et al. v. Oracle Corp., et al.*, No. 1:16-cv-00175 (Order Granting Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees, Expenses, and Incentive Awards) ("Troudt Fee Order") (D. Colo, July 10, 2020); *Donald v. Teachers Insurance and Annuity Insurance Ass'n of America*, No. 15-cv-08040 (S.D.N.Y.).

[2] *See also* Gyandoh Decl., ¶¶ 3-68 (detailing the procedural history, discovery practice, settlement negotiations, and settlement terms).

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
3:20-CV-01753-MMC

-2-

Following several months of investigation, Plaintiffs, Participants in the Plan, filed the First Amended Complaint ("FAC") (ECF No. 38), in *Miguel, et. al. v. Salesforce.com, Inc. et al.* ("*Miguel* Action") on October 23, 2020. Plaintiffs allege that Defendants are fiduciaries of the Plan and breached duties owed to the Plan and its participants and beneficiaries by: (1) failing to objectively and adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent, in terms of cost; and (2) maintaining certain funds in the Plan despite the availability of identical or similar investment options with lower costs and/or better performance histories. *Id.* at ¶10.

Over the ensuing four years, both parties vigorously litigated the case. *See* Gyandoh Decl., ¶¶ 3-57. Defendants filed motions to dismiss Plaintiffs' first two Complaints, both of which the Court granted. (ECF Nos. 35, 55). Plaintiffs appealed the second dismissal to the 9th Circuit, which reversed the decision. (ECF No. 59). Plaintiffs then won an opposed motion for class certification. (ECF No. 96). Defendants filed a motion for summary judgment, and a motion to exclude Plaintiffs' expert, both of which Plaintiffs defeated. (ECF Nos. 140, 141). The parties also engaged in full discovery. Gyandoh Decl., ¶¶ 45-57. Plaintiffs reviewed thousands of pages of documents produced by Defendants. *Id.* at ¶¶ 53. Plaintiffs also defended the depositions of Plaintiffs Miguel and Bredlow and took the depositions of three defense fact witnesses. *Id.* at ¶¶ 54-55. Defendants engaged two expert witnesses, both of whom Plaintiffs deposed after reviewing their opening and rebuttal reports. *Id.* at ¶¶ 56-57. Plaintiffs engaged one expert witness who also issued an opening and rebuttal report and was deposed by Defendants. *Id.* Plaintiffs were fully prepared to try this case. This preparation included identifying trial exhibits and witnesses, filing a joint pretrial statement, and preparing demonstrative exhibits and witness examinations. *Id.* at ¶ 41.

On February 9, 2024, Plaintiffs filed *Simonelli, et. al. v. Salesforce.com, Inc. et. al.* ("*Simonelli* Action") in the Northern District of California alleging that Defendants breached their fiduciary duties by retaining certain underperforming funds in the Plan and permitting the Plan to pay excessive recordkeeping fees. (*See* Dkt. No. 1, Class Action Complaint ("CAC") at ¶¶ 93-165). On April 5, 2024, the Court stayed the *Simonelli* Action pending resolution of the *Miguel* Action. (ECF. No. 34).

The *Miguel* Action was listed for trial on May 6, 2024. Upon further direct negotiations between the Parties, they reached an agreement to settle both the *Miguel* and *Simonelli* Actions on the literal eve of trial. *See* Gyandoh Decl., ¶¶ 42, 59.

## III.    STANDARD OF REVIEW

Under FED. R. CIV. P. 23, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the Parties' agreement." FED. R. CIV. P. 23(h). Such fees must be found "fair, reasonable, and adequate" in order to be approved. FED. R. CIV. P. 23(e). "It is well established that a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (quoting *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977)) (internal quotation marks omitted). "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (citing *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir.2010)). In the Ninth Circuit, the percentage method is the prevailing method by which district courts assess and award fees from a

common fund in class action litigation. *See Omnivision*, 559 F. Supp. 2d at 1046. Regardless of the method used, the Ninth Circuit requires only that fee awards in common fund cases be reasonable under the circumstances. *State of Fla. v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990).

Courts determining fee awards using the percentage method generally look to the following factors:

> (1) the results achieved;
> (2) the risk of litigation;
> (3) the skill required and the quality of work;
> (4) the contingent nature of the fee and the financial burden carried by the plaintiffs [and class counsel]; and
> (5) awards made in similar cases.

*See Omnivision*, 559 F. Supp. 2d at 1046. For the reasons stated below, the requested attorneys' fees are fair and reasonable under the circumstances of this matter.

## IV.    ARGUMENT

### A.    Plaintiffs' Request for Attorneys' Fees Is Reasonable

#### 1.    The Settlement is an Excellent Result

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *See Omnivision*, 559 F. Supp. 2d at 1046. Class Counsel's efforts have created a $1,350,000.00 Gross Settlement Amount which is an excellent result when viewed in any light. Plaintiffs estimated that the maximum supportable damages for both actions were roughly $10,000,000. *See* Gyandoh Decl., ¶ 72. The Settlement provides a recovery of 13.5% of the estimated maximum supportable losses. *Id.* This result is well within the range of settlement recoveries approved in ERISA class actions in the 9th Circuit. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding fair and adequate an ERISA settlement

representing one-sixth, or 16% of recovery); *Cheng Jiangchen v. Rentech, Inc.*, No. 17-1490-GW, 2019 WL 5173771, at *7 (C.D. Cal. Oct. 10, 2019) (approving fees in settlement of 10% of maximum damages); *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 2017 WL 6623031, at *6 (N.D. Cal. Dec. 28, 2017) (approving ERISA settlement recovery of 25% of possible damages); *Omnivision*, 559 F. Supp. 2d at 1046 (finding recovery of 9% of possible damages to be substantial based on average recovery in similar litigation, such that requested fee award above benchmark was warranted); *Deaver v. Compass Bank*, No. 13-CV-00222-JSC, 2015 WL 8526982, at *7 (N.D. Cal. Dec. 11, 2015) (approving fees in settlement of 10.7% of maximum damages); *Stovall-Gusman v. W.W. Granger, Inc.*, No. 13-CV-02540-HSG, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) (concluding that a settlement which provided 10% of the potential recovery was "within the range of reasonableness in light of the risks and costs of litigation"); *Ma v. Covidien Holding, Inc.*, No. 12– 02161, 2014 WL 360196, at *5 (C.D. Cal. Jan. 31, 2014) (finding a settlement worth 9.1% of the total value of the action "within the range of reasonableness"); *Balderas v. Massage Envy Franchising, LLC*, No. 12–cv–06327 NC, 2014 WL 3610945, at *5 (N.D. Cal. July 21, 2014) (granting preliminary approval of a net settlement amount representing 5% of the projected maximum recovery at trial).

The Settlement here is an excellent result for the Plaintiffs and the Class.

### 2.    Continued Litigation Posed a Substantial Risk

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees." *See Omnivision*, 559 F. Supp. 2d at 1046 (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002)). While Plaintiffs were confident in their case and were fully prepared to proceed to

trial, like in *Omnivision*, this case was complex, involving several fact and expert witnesses. Prevailing on the merits in complex cases such as this was by no means guaranteed, regardless of Counsel's preparations. Defense Counsel is experienced in ERISA litigation, had aggressively litigated the case up to trial, and undoubtedly would have tried the case in the same manner.

Likewise, even if Plaintiffs prevailed on liability at trial, there was no guarantee that the Court would award damages or, if it did, that those damages would equal or exceed the amount of the Settlement. *Urakhchin*, 2018 WL 8334858, at *6 ("ERISA 401(k) litigation is risky and even had Plaintiffs prevailed on the merits, there would be significant uncertainty as to a damage award following trial."). Further, had Plaintiffs prevailed, Defendants almost certainly would have appealed the decision, resulting in further delay, risk, and expenses. The Settlement represents a reasonable compromise that alleviates the risks associated with further litigation.

### 3.    Plaintiffs Skillfully Litigated the Case to the Eve of Trial

The third factor considers the "the skill required and the quality of work." *See Omnivision*, 559 F. Supp. 2d at 1046. Plaintiffs' Counsel demonstrated considerable skill litigating the case over the course of four years to the eve of trial. It is well understood that ERISA claims, such as the claims here, are particularly complex. *See Toumajian v. Frailey*, 135 F.3d 648, 650 (9th Cir. 1998) ("Once again the mysteries of the Employee Retirement Income Security Act of 1974 ("ERISA") - a statute intended to provide a system of uniformity and simplicity in the complex regulatory field of employee benefits - provides added complexity in this action."). Plaintiffs retained attorneys who are highly qualified, experienced, and able to litigate this matter. Capozzi Adler and Mark K. Gyandoh, Plaintiffs' Counsel in this Action, readily meet these criteria. Capozzi Adler has been named Lead or Co-Lead interim Class Counsel in numerous breach of fiduciary duty class actions

in this District and across the nation and has settled multiple ERISA actions for millions of dollars. *See* Gyandoh Decl., ¶¶ 103, 105. Mr. Gyandoh, chair of the Fiduciary Practice Group at Capozzi Adler, is a highly qualified ERISA class action attorney and unequivocally recommends this Settlement. *Id*. at ¶¶ 97-98.

These cases often require multiple experts on both sides to opine on issues of liability and damages, and this case was no exception with Plaintiffs engaging one expert and Defendants rebutting with two experts. Plaintiffs' Counsels' extensive experience in navigating the complex ERISA statutory and regulatory framework allowed them to work effectively with their expert to support their claims and analyze and critique Defendants' experts' opinions and testimony. *See* Gyandoh Decl., ¶¶ 103-105.

Plaintiffs' Counsel demonstrated their skill at every stage of this litigation. Counsel engaged in extensive pre-filing investigation and filed detailed pleadings, including initial and amended Complaints. (ECF 1, 38). Class Counsel effectively navigated the discovery process to develop an extensive record, including reviewing thousands of pages of documents and taking and defending eight depositions. *See* Gyandoh Decl., ¶¶ 45-57. Likewise, Plaintiffs' counsel prevailed in several pretrial motions, including an appeal to the 9th Circuit reversing an adverse decision on a motion to dismiss (ECF No. 59), an opposed motion for class certification (ECF No. 96), a motion for summary judgment (ECF No. 140), and a motion to exclude Plaintiffs' expert witness (ECF No. 141).

Shepherding this case to the eve of trial against skilled adversaries is a testament to the quality of representation Class Counsel provided to the Plaintiffs and the Class. *See* Gyandoh Decl. ¶ 71; *see also, Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892, 2021 WL

5113030, at *7 (N.D. Cal. Nov. 3, 2021) ("[Class counsel's fee]is reasonable because this complex case, settled on the eve of trial after more than four years of extensive litigation, demanded a substantial amount of motion practice, investigation, discovery, and mediation. … Class Counsel are experienced ERISA practitioners who performed their work here competently, shepherding this complicated case through summary judgment before reaching settlement").

### 4. Plaintiffs' Counsel Worked on a Contingent Fee Basis and Advanced All Costs

The fourth factor considers "the contingent nature of the fee and the financial burden carried by the plaintiffs [and class counsel]." *See Omnivision*, 559 F. Supp. 2d at 1046. "The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee." *Omnivision*, 559 F. Supp. 2d at 1047; *see also Urakhchin*, 2018 WL 8334858, at *6 (citing cases).

Class Counsel took this case on a wholly contingent basis. *See* Gyandoh Decl., ¶ 70, 73. The economical and logistical unattractiveness of this case required a legal team with significant expertise in ERISA class action litigation who could manage this case in a cost-effective and comprehensive way. The Plaintiffs would not have been able to pursue this litigation other than on a contingency fee basis and no competent plaintiffs' lawyer or law firm would take on such risky representation for less than one-third of any monetary recovery. *See* Gyandoh Decl., ¶ 85. Class Counsel effectively and efficiently litigated this action from its inception. In that time, Class Counsel has never been paid for their work on this matter, taking the case on a wholly contingent basis.

Plaintiffs' counsel devoted a total of 2,128.5 hours to litigating these cases over a four-year period. *See* Gyandoh Decl., ¶ 83. During that time, they faced the very real risk, in the face of staunch opposition from highly qualified Defense counsel, that they would receive nothing for this professional time and cash outlay. *Id*. at ¶ 70. Many courts find this factor weighs in favor of approving the requested fee. *See Baird v. BlackRock Institutional Tr. Co., N.A*., No. 17-CV-01892, 2021 WL 5113030, at *7 (N.D. Cal. Nov. 3, 2021) ("Class Counsel ran the risk of receiving nothing if the case was unsuccessful because they operated on a contingent-fee basis and advanced all litigation costs.").

In addition, compared to other settled ERISA cases, Plaintiffs' Counsel litigated this case extremely efficiently. *See Marshall*, at 2020 WL 5668935, at *3 (plaintiffs' counsel billed over 26,000 hours to litigate case up to trial); *Baird v. BlackRock Institutional Tr. Co., N.A*., No. 17-CV-01892, 2021 WL 5113030, at *7 (N.D. Cal. Nov. 3, 2021) (plaintiffs' counsel billed over 17,000 hours to litigate case to summary judgment); *Foster*, 2022 WL 425559 at *9 (plaintiffs' counsel billed over 3,800 hours up to trial); *Hurtado*, 2021 WL 2327858, at *5 (plaintiffs' counsel billed over 3,500 hours to litigate case to the close of discovery).

As reflected by the sheer number of hours devoted by the attorneys and staff involved in litigating this case, a substantial amount of their time was devoted to this case at the preclusion of other work. *See* Gyandoh Decl. ¶ 83. While not a specific factor considered in the Ninth Circuit, this consideration is relevant in terms of taking this case on a contingent fee basis. *See e.g., Shaw v. Interthinx, Inc*., No. 13-CV-01229-REB-NYW, 2015 WL 1867861, at *6 (D. Colo. Apr. 22, 2015) ("[t]here is an inherent preclusion of other work in litigating a complex case such as this on a contingency fee basis.").

Class Counsels' risk of nonpayment in light of these efforts merits the requested fee and expenses award. *See Omnivision*, 559 F. Supp. 2d at 1047 (awarding requested fees and expenses where counsel had devoted 7,500 hours and advanced in excess of $500,000 in expenses in securities litigation lasting three years).

### 5.    The Fees and Costs Sought are Proportional to those in Similar Cases

The fifth factor considers awards granted in other similar cases. *See Omnivision*, 559 F. Supp. 2d at 1046. Although the Ninth Circuit has established a general benchmark of 25% in contingent fee litigation, courts in this District have noted that "in most common fund cases, the award exceeds that benchmark." *See Omnivision*, 559 F. Supp. 2d at 1047. Indeed, courts in this district have deviated from the 25% in ERISA cases like this case. *See Baird v. BlackRock Institutional Tr. Co., N.A*., No. 17-CV-01892, 2021 WL 5113030, at *7 (N.D. Cal. Nov. 3, 2021) ("[29%] is higher than the presumptively reasonable benchmark amount of 25%, but in this case, the Court finds that the higher percentage is reasonable and justified").

In class actions brought under ERISA in this district, courts have found that 33.3% is a reasonable fee for class counsel. *See e.g., Foster v. Adams & Assocs., Inc*., No. 18-CV-02723, 2022 WL 425559 (N.D. Cal. Feb. 11, 2022) (approving fees of 33.3% in an ERISA case); *Marshall v. Northrop Grumman Corp*., No. 16-CV-6794 AB (JCX), 2020 WL 5668935, at *8 (C.D. Cal. Sept. 18, 2020) (approving a one third fee to be reasonable stating "[a]n attorney fee of one third of the settlement fund is routinely found to be reasonable in class actions"); *Schwartz v. Cook*, No. 15-CV-03347-BLF, 2017 WL 2834115, at *5 (N.D. Cal. June 30, 2017) (same).

Moreover, courts nationwide have found an attorneys' fees award of 33.3% of the settlement fund fair and reasonable in ERISA cases. *See, e.g., Griffin v. Flagstar Bancorp, Inc*., No. 2:10-CV-

10610, 2013 WL 6511860, at *8 (E.D. Mich. Dec. 12, 2013) (holding that plaintiffs' counsels' "requested fee is consistent with standard fee awards as a percentage of the fund in ERISA actions which typically award between 30% and 33% on a percentage of the fund fee calculation."); *Pledger v. Reliance Tr. Co*., No. 1:15-CV-4444-MHC, 2021 WL 2253497, at *7 (N.D. Ga. Mar. 8, 2021) (awarding attorneys' fees of one third the common fund because "[t]he percentage used to calculate the requested fee in this case is consistent with experienced attorneys who handle complex ERISA litigation, and has been found reasonable in numerous cases in federal district courts."); *Karpik v. Huntington Bancshares Inc*., No. 2:17-CV-1153, 2019 WL 7482134, at *7 (S.D. Ohio Sept. 26, 2019) (same); *Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Inc*., No. 15-22782-CIV, 2017 WL 7798110, at *5 (S.D. Fla. Dec. 18, 2017) (same); *Eslava v. Gulf Telephone Co., Inc*., No. 04-cv-0297, 2007 WL 4105977, at *2 (S.D. Ala. Nov. 16, 2007) (same); *Ramos v. Banner Health*, No. 15-CV-2556-WJM-NRN, 2020 WL 6585849, at *4-5 (D. Colo. Nov. 10, 2020) (same); *Feinberg v. T. Rowe Price Grp., Inc*., 610 F. Supp. 3d 758, 771 (D. Md. 2022) (same); *Kelly v. Johns Hopkins Univ*., No. 16-cv-2835, 2020 WL 434473, at *3 (D. Md. Jan. 28, 2020) (same); *Marshall v. Northrop Grumman Corp*., No. 16-CV-6794 AB (JCX), 2020 WL 5668935, at *3 (C.D. Cal. Sept. 18, 2020) (same); *Spano v. Boeing Co*., No. 06-CV-743-NJR-DGW, 2016 WL 3791123, at *2 (S.D. Ill. Mar. 31, 2016) (same); *Kruger v. Novant Health, Inc*., No. 14-cv-208, 2016 WL 6769066 at *2 (M.D.N.C. Sept. 29, 2016) (same); *Gordan v. Massachusetts Mut. Life Ins. Co*., No. 13-cv-30184, 2016 WL 11272044 at *2 (D. Mass. Nov. 3, 2016) (same).

The requested 33.3% fee is reasonable under the percentage of the fund method.

### 6. Lodestar Cross-Check

"As a final check on the reasonableness of the requested fees, courts often compare the fee

counsel seeks as a percentage with what their hourly bills would amount to under the lodestar analysis." *See Omnivision*, 559 F. Supp. 2d at 1048. Under the lodestar method, the "lodestar should be computed either using an hourly rate that reflects the prevailing rate as of the date of the fee request to compensate Class counsel for delays in payment inherent in contingency-fee cases or using historical rates and compensating for delays with a prime-rate enhancement." *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016). A reasonable hourly rate "must be based on the 'experience, skill, and reputation of the attorney requesting fees' as well as 'the rate prevailing in the community for similar work performed by [comparable] attorneys'" *Rodman v, Safeway Inc*., 2018 WL 4030558, at *6 (N.D. Cal. Aug. 23, 2018) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), amended by 808 F.2d 1373 (9th Cir. 1987)).

Though the lodestar figure is "presumptively reasonable," *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988), it is well established that a court "may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors, 'including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.'" *In re Bluetooth Headset Prod. Liab. Litig*., 654 F.3d 935, 941–42 (9th Cir. 2011) (quoting *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992)); *see Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).

Here, application of the lodestar method demonstrates that the fees requested by Class Counsel are reasonable, especially given that the requested fee of $449,955.00 is well-below class counsel's lodestar of $1,367,491. Plaintiffs' Counsel expended a total of 2,128.5 hours of attorney

and paralegal time prosecuting these cases (excluding time Counsel will spend finalizing and administering the settlement). *See* Gyandoh Decl., ¶ 83. Plaintiffs' Counsel charged $335-350 for paralegal and professional staff, $450-550 for associates, and $700-950 for partners. *See* Gyandoh Decl., ¶¶ 77, 87. These rates are within the reasonable range and are comparable to other nationwide plaintiffs' firms that prosecute ERISA actions. *Id*. at ¶¶ 88-96; *see also, In re LinkedIn ERISA Litig*., No. 20-CV-05704, 2023 WL 8631678 at *10 (N.D. Cal. Dec. 13, 2023) (finding similar rates charged by Class Counsel "reasonable and commensurate with those charged by attorneys with similar experience in the market."); *Foster v. Adams & Assocs., Inc*., No. 18-CV-02723, 2022 WL 425559 at *9 (N.D. Cal. Feb. 11, 2022) (finding similar rates reasonable).

Class Counsel's total lodestar for this case is $1,367,491. *See* Gyandoh Decl. ¶83.[3] The $449,955 in fees requested here are $917,536 *less than* Class Counsels' lodestar. *Id.* In other words, awarding a one-third percentage of the fund results in Class Counsel recovering only 33% of their lodestar. *Id.*; s*ee Foster v. Adams & Assocs., Inc.,* No. 18-CV-02723, 2022 WL 425559 (N.D. Cal. Feb. 11, 2022) ("[h]ere, Class Counsel do not seek a multiplier; rather, their request for $1,000,000 is 36 percent of their lodestar of $2,749,823. The lodestar method establishes the reasonableness of this request.").

Class Counsels' fee request results in a negative multiplier. *See* Gyandoh Decl., ¶ 83. "A negative multiple 'strongly suggests the reasonableness of [a] negotiated fee.'" *Foster*, 2022 WL 425559, at *11 (quoting *Moreno v. Capital Bldg. Maint. & Cleaning Servs*., No. 19-cv-07087-DMR, 2021 WL 4133860, at *6 (N.D. Cal. Sep. 10, 2021)); *Marshall v. Northrop Grumman Corp*.,

---

[3] This total includes the lodestar amounts for co-counsel Peter A. Muhic and liaison counsel Danial L. Germain. *See* Gyandoh Decl., ¶¶ 81, 82.

No. 16-CV-6794, 2020 WL 5668935 (C.D. Cal. Sept. 18, 2020) ("[class counsel] is requesting less than their lodestar and without a risk multiplier at all, the Court finds that their fee request for one third of the common fund is reasonable."). Where the fees requested result in a negative multiplier, those fees are considered reasonable under the lodestar crosscheck method. *See, e.g., Chun-Hoon v. McKee Foods Corp.,* 716 F. Supp. 2d 848, 854 (N.D. Cal. 2010) ("[t]his resulting multiplier of less than one, (sometimes called a negative multiplier) suggests that the negotiated fee award is a reasonable and fair valuation of the services rendered to the class by class counsel").

## B.    The Court Should Reimburse Plaintiffs' Counsel for Expenses Incurred

Class Counsel request to be reimbursed for $150,000 in litigation expenses incurred in prosecuting this case under FED. R. CIV. P. 23(h). As explained below, the actual expenses are $152,842.11, but class counsel agreed to seek no more than $150,000 as part of the settlement.  As a leading treatise states:

> An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved. The equitable principle that all reasonable expenses incurred in the creation of a fund for the benefit of a class are reimbursable proportionately by those who accept benefits from the fund authorizes reimbursement of full reasonable litigation expenses as costs of the suit in contrast to the more narrowly defined rules of taxable costs of suit under Fed. R Civ. P. 54 (d). . . . The prevailing view is that expenses are awarded in addition to the fee percentage.

Alba Conte, 1 *Attorney Fee Awards* § 2:19 (3d ed.) *see also Sprague v. Ticonic*, 307 U.S. 161, 166-67 (1939) (recognizing a federal court's equity power to award costs from a common fund). "Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision*, 559 F. Supp. 2d at 1048; *see also Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's

fees those out-of-pocket expenses that 'would normally be charged to a fee paying client."). Such costs typically include "photocopying, printing, postage, court costs, research on online databases, experts and consultants, and reasonable travel expenses." *Thomas v. MagnaChip Semiconductor Corp.*, 2018 WL 2234598, at *4 (N.D. Cal. May 15, 2018); *Carlin v. DairyAmerica, Inc*., 380 F. Supp. 3d 998, 1024 (E.D. Cal. 2019) (reimbursing $823,904.04 for costs including filing fees, copying, postage, document storage, depositions, travel, experts, transcripts, computer research, the cost of the mediator, and common-fund contributions).

Plaintiffs' counsel incurred total expenses of $152,842.11 including costs related to filing fees, deposition transcripts, mediation, expert witness, travel, and legal research. *See* Gyandoh Decl., at ¶¶ 75-76.[4] All expenses for which reimbursement is sought were necessary for the prosecution of this litigation and are of the type that would be billed to hourly clients of the firm. *Id*.; *see also See Baird*, 2021 WL 5113030, at *7 ("[t]he Court is satisfied that these costs were reasonably incurred"). But, pursuant to the Settlement Agreement, Class Counsel agreed to seek a maximum of $150,000 in costs. *Id.* at ¶66. Counsel brought this case without guarantee of reimbursement or recovery, so they had a strong incentive to keep costs at a reasonable level, and they did so. The expenses are reasonable and should be reimbursed to class counsel.

## C.  The Requested Case Contribution Awards for the Named Plaintiffs Are Reasonable

Plaintiffs request Class Representatives Mr. Miguel, Ms. Bredlow, Mr. Simonelli, Mr. Villarreal, Mr. Douillard, Mr. Runyard, Mr. Tracey, and Mr. Ramirez, be granted a Case

---

[4] These amounts are exclusive of the cost of the Settlement Administrator which are estimated to be in excess of $75,000.00. *See* Gyandoh Decl. ¶ 65; *Baird*, 2021 WL 5113030, at *8 ("Counsel's request for reimbursement of expenses does not include the "Administrative Expenses" defined in the Settlement Agreement, which include, among other things, the costs of the Settlement Administrator.").

Contribution Award in compensation for the time and effort they expended in successfully prosecuting this case to a successful resolution. *See* Gyandoh Decl., ¶67, 109-118. Case contribution "awards that are intended to compensate class Representatives for work undertaken on behalf of a class 'are fairly typical in class action cases.'" *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (citation omitted). Such awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009); *see also Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, No. 16-CV-03698-NC, 2018 WL 2183253, at *8 (N.D. Cal. May 11, 2018) (granting case contribution awards based on class counsel's attestation as "to each class representative's cooperation and work."); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015) (collecting cases showing service awards typically range from $2,000–$10,000); *Wren v. RGIS Inventory Specialists*, No. 06-cv-05778 JCS, 2011 WL 1230826, at *31 (N.D. Cal. Apr. 1, 2011) ("It is well-established in this circuit that named plaintiffs in a class action are eligible for reasonable incentive payments, also known as service awards.").

Each Plaintiff has submitted a declaration in support of their request for case contribution awards. The declarations are attached to the Gyandoh Declaration as **Exhibit 8** (Miguel Declaration), **Exhibit 9** (Bredlow Declaration), **Exhibit 10** (Simonelli Declaration), **Exhibit 11** (Villarreal Declaration), **Exhibit 12** (Douillard Declaration), **Exhibit 13** (Runyard Declaration, **Exhibit 14** (Tracey Declaration), and **Exhibit 15** (Ramirez Declaration). These Declarations demonstrate how each Plaintiff actively participated in the case by providing relevant documents to their Counsel, reviewing case related filings and documents, and monitoring the case through

contact with Counsel, and, in the cases of Plaintiffs Miguel and Bredlow, prepared for and sat for depositions. The participation of the Named Plaintiffs was crucial in prosecuting the case and bringing it to settlement. *See* Gyandoh Decl., ¶109.

Accordingly, Plaintiffs request that the Court approve a contribution award in the amount of $10,000 Plaintiffs Miguel and Bredlow, and $7,500 to Plaintiffs Simonelli, Villarreal, Douillard, Runyard, Tracey, and Ramirez. Class Counsel seeks an increased case contribution award for Plaintiffs Miguel and Bredlow because they both prepared for and sat for depositions. *See* Gyandoh Decl., ¶¶ 111, 112. These awards are within the range of contribution awards approved in ERISA class action cases in this district and the 9th Circuit. *See In re LinkedIn ERISA Litig.,* No. 20-CV-05704, 2023 WL 8631678 at *11 (N.D. Cal. Dec. 13, 2023) (approving case contribution awards of $12,500); *Baird*, 2021 WL 5113030, at *8 (approving case contribution awards of $10,000).; *Marshall v. Northrop Grumman Corp.*, No. 16-CV-6794, 2020 WL 5668935 at *10 (C.D. Cal. Sept. 18, 2020) (approving case contribution awards of $25,000); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 815-CV-01614, 2018 WL 8334858, at *8 (C.D. Cal. July 30, 2018) (approving case contribution awards of $7,500); *Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, No. 16-CV-03698, 2018 WL 2183253, at *6 (N.D. Cal. May 11, 2018) (approving case contribution awards of $7,500); *Waldbuesser v. Northrop Grumman Corp.*, No. CV 06-6213, 2017 WL 9614818 (C.D. Cal. Oct. 24, 2017) (approving case contribution awards of $25,000).

## V.    **CONCLUSION**

Plaintiffs respectfully submit that the Court award attorneys' fees in the amount of $449,955, approve the reimbursement of litigation expenses in the amount of $150,000, and approve Case Contribution Awards in the amount $10,000 for Plaintiffs Gregor Miguel and

Amanda Bredlow, and in the amount of $7,500 for Plaintiffs Chris Simonelli, David Villarreal, Joseph Douillard, Marc Runyard, Mark Tracey and Robert Ramirez.

Dated: November 25, 2024.

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
James A. Wells
312 Old Lancaster Road
Merion Station, PA 19066
Email: markg@capozziadler.com
        jayw@capozziadler.com
Tel: (610) 890-0200
Fax: (717) 233-4103

**ROSMAN & GERMAIN LLP**
Daniel L. Germain (State Bar No. 143334)
5959 Topanga Canyon Boulevard, St. 360
Woodland Hills, CA  91367-7503
Telephone: (818) 788-0877
Facsimile: (818) 788-0885
Email: germain@lalawyer.com

**MUHIC LAW LLC**
Peter A. Muhic
(*Admitted Pro Hac Vice*)
923 Haddonfield Road,
Suite 300 Cherry Hill, NJ  08002
Phone:  (856) 324-8252
Fax:  (717) 233-4103
Email:  peter@muhiclaw.com

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on November 25, 2024, a true and correct copy of the foregoing

3

document was filed with the Court utilizing its ECF system, which will send notice of such filing to

4

all counsel of record.

5

6

By:  <u>*Mark K. Gyandoh*</u>

7

Mark K. Gyandoh, Esq.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28